Dear Capt. Tarullo:
This office is in receipt of your request for an opinion of the Attorney General in regard to fees for officers who are called as witnesses. You indicate day-watch deputies that are required to appear in court as witnesses will take leave using comp-time to cover the period they must be in court, and then file for court appearance pay as an off-duty officer. You ask if this is illegal or unethical.
The pertinent statute is R.S. 15:255(A)(1) which provides as follows:
 Whenever a law enforcement officer is required to be present, in his official capacity, as a witness in any criminal case or delinquency adjudication in any district or parish court or any court exercising juvenile jurisdiction, during any time he is not required to report to work or perform the duties of his office, the governing authority of the parish shall pay him the sum of twenty-five dollars for each day per case, but no more than seventy-five dollars in any one day, regardless of the number of cases for which he is required to be present or whether he actually testified in the case, and which sum shall be paid pursuant to the provisions of R.S. 15:255(D)(1). This fee shall be provided to the law enforcement officer within sixty days from the date of appearance. This fee shall not be paid, however, to any law enforcement officer who is compensated by his employer for his appearance as a witness pursuant to the provisions of the federal Fair Labor Standards Act, as amended.
Any comp-time accumulated is compensation under the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq, for leave earned by officers for over-time work. When it is being used, the officers are not required to be at work, or to be performing duties of their office. Under the described circumstances the comp-time is not being given as payment for an appearance as a witness but off-duty time for work previously done. The statute in question mandates a law enforcement officer shall be paid, when required to be present in court as a witness, "during any time he is not required to report to work or perform the duties of his office". Therefore, while the officer may have reported to work, once he signs for leave, he is no longer required to be present at work or to perform his duties.
To construe the statute differently would require a ruling that no compensatory time could be taken for a portion of a work day on which the individual had reported to work. Obviously, this is inconsistent with the use of compensatory time that is needed for personal reasons.
Unless a policy is established which restricts when and for what purposes an individual can take his comp-time, we do not find it illegal for him to use his time for a required court appearance, and then be qualified for payment as an off-duty officer. While the procedure in question may look bad to some, we do not find that it is illegal.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0521f